City of Mayfield v. Elmore.

CASE 65—PETITION ORDINARY—JAN. 19.

# City of Mayfield v. Elmore.

APPEAL FROM GRAVES CIRCUIT COURT,

1. CONSTITUTIONAL LAW—SPECIAL LEGISLATION.—Under the provisions of section 166 of the Constitution that "all acts of incorporation of cities and towns heretofore granted, and all amendments thereto, * * * shall continue in force under this Constitution, and all city and police courts established in any city or town shall remain, with their present powers and jurisdictions, until such time until the General Assembly shall provide by general laws for the government of towns and cities, and officers and courts thereof; but not longer than four years from and after the first day of January, one thousand eight hundred and ninety-one, within which time the General Assembly shall provide by general laws for the government of towns and cities, and the officers and courts thereof, as provided in this Constitution," it was not intended to prohibit the enactment during the period of four years from the first of January, 1891, or until the enactment of a general law governing cities and towns, of proper or necessary amendments to their existing acts of incorporation.

BARBOUR & CARROLL FOR APPELLANT.

1. The purpose and intention of section 166 of the Constitution was to prevent conflict and confusion between the Constitution and the several charters until uniform laws could be enacted for the government of cities and towns. (Holtzhauer v. Newport, 15 Ky. L. R., 188.) During that period of four years, or until general legislation was had, the legislature had same power over the charter as to repealing all or any part of it that it had before the adoption of the Constitution.

2. While section 59 of the Constitution prohibits special and local legislation and the enactment of laws amending charters, etc., it does not prohibit the repeal of special or local laws.

3. If the appellee is entitled to any relief, it could only be by mandamus against the city council, as it and not the courts must determine the reasonableness of the salary to be paid. (Newport v. Berry, 80 Ky., 351.)

ROBERTSON & LEE ON SAME SIDE.

1. The act of the General Assembly relied on by the appellee did not

Vol. 100—27

make it imperative on the city council to allow him any salary, but merely authorized it to do so, leaving it wholly discretionary with the council.

2. The appellees' remedy, if any, was by mandamus against the city council. The court can not fix the salary; that could only be done by the council. (Newport v. Berry, 80 Ky., 354; Com. v. Boone County Court, 82 Ky., 632.)

3. The act of March 31, 1892, repealing the salaries of certain officers, was no change of the city government or its powers, or its jurisdiction in any sense contemplated by section 166 of the Constitution.

ROBBINS & THOMAS FOR APPELLEE.

1. Under the provisions of section 166 of the Constitution the original charter of the city of Mayfield and its amendments of April 2, 1890, remained in force until June 28, 1893, when the general charter for cities of its class was passed; and the attempted repeal of the amendment of April 2, 1890, by the act of March 31, 1892, was void. (Hollshauer v. Newport, 15 Ky. L. R., 188; Johnson v. Wilson, 15 Ky. L. R., 852; *ex parte* city of Lexington, 28 S. W. Rep., 665; Aydelott v. South Louisville, 16 Ky. L. R., 166; Goodloe v. Fox, 29 S. W. Rep., 433.)

2. If there had been an agreement, supported by a valuable consideration, between the appellant and appellee, by which appellee should be elected to and fill the office of police judge for one year without any salary, it would have been against public policy and void, because it would have been in the nature of a bribe and a purchase of the office. And such an agreement could not operate as an estoppel because one is never estopped by a void contract. (Payne v. Vandever, 17 B. M., 20; Railroad Co. v. Stephens, 16 Ky. L. R., 552.)

3. The Board of Council had no power under section 161 of the Constitution to fix appellee's salary at anything different from what it was when he was elected, and therefore had no discretion in the matter; and the court is not called upon to substitute its discretion for that of the council. This case is distinguished from Newport v. Berry, 80 Ky., 354.

CHIEF-JUSTICE LEWIS DELIVERED THE OPINION OF THE COURT:

By section 2 of an act to amend an act to amend and revise the charter of the city of Mayfield, approved April 2, 1890, it was provided the city judge should be

allowed by the board of councilmen a reasonable sal-
ary; also fees and per cents. as then allowed by the city
charter.

But by an act approved March 31, 1892, it was pro-
vided that so much of the above recited act as author-
ized and provided for the payment of salaries to the
city judge, city marshal and city attorney should be
repealed, provided the right of said officers to receive
fees and per cents., authorized by the act of April 2,
1892, should not be affected but continue.

Appellee, Stephen Elmore, brought this action to re-
cover of appellant, city of Mayfield, the sum of $500
claimed as his salary as city judge for the term of one
year, beginning the last Monday in May, 1892, said
amount having been fixed by the city council as the an-
nual salary of the city judge in pursuance of the act of
April 2, 1890; but as he was not elected city judge un-
til April, 1892, he has no right to the salary sued for
or any other compensation besides fees and per cents.
if the act of March 31, 1892, was valid, and whether it
was depends upon the proper meaning of section 166
of the Constitution as follows: "All acts of incorpora-
tion of cities and towns heretofore granted, and all
amendments thereto except as provided in section 167,
shall continue in force under this Constitution, and all
city and police courts established in any city or town
shall remain with their present powers and jurisdic-
tion until such time as the General Assembly shall
provide by general laws for the government of towns
and cities, and the officers and courts thereof, but not

longer than four years from and after the 1st day of January, 1891, within which time the General Assembly shall provide by general laws for the government of towns and cities and the officers and courts thereof as provided in the Constitution."

It is not at all certain that according to even the strict letter of that section the Legislature was inhibited from amending existing acts of incorporation of cities and towns during the period of four years from January 1, 1891, or at least during the period from that date up to the enactment of a general law governing cities, and towns as required by section 156 of the Constitution. But looking to the real purpose and reason of section 166 we are satisfied it was not intended to prohibit the enactment during that period of proper and necessary, or what the Legislature in its wisdom might deem proper and necessary, amendments to existing acts of incorporation; for such restriction was not necessary to the accomplishment of the purpose in view, which was ultimate substitution of the plan of governing cities and towns by a general and consistent system of laws in place of a series of special and local acts, but on the contrary would have probably embarrassed and done injury to particular cities and towns without any reason or necessity by thus preventing needed legislation.

In our opinion the act of March 31, 1892, was valid and effectual to repeal the act of 1890, and render nugatory ordinance of the city council fixing the salaries of the city judge and other officers of the city of Mayfield,

and as a consequence appellee is not entitled to the salary sued for.

Wherefore, the judgment is reversed and cause remanded for the dismissal of his action.